UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARVIN L. GIBSON,

Plaintiff,

v.                    4:11-cv-222

MICHAEL ASTRUE, Commissioner of Social Security,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is Defendant Michael Astrue's ("Commissioner") "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment." *See* Doc. 12.

### II. FACTS

The relevant facts are set forth in this Court's Order denying Plaintiff Marvin L. Gibson's ("Gibson") motion to enforce in his original case. *See Gibson v. Astrue*, No. 4:03-cv-90, Doc. 26 (S.D. Ga. Mar. 22, 2012).

### III. ANALYSIS

The Commissioner moves to dismiss this mandamus action, alleging that this Court lacks jurisdiction. *See* Doc. 13 at 5. The Commissioner also seeks summary judgment on the grounds that mandamus is improper in this action. *See id.* at 7.

Gibson asks the Court to compel either the payment of Social Security disability benefits to Gibson for the period of October 1, 1998, through April 30, 2004, or the administrative adjudication of Gibson's November 1999 application for benefits. *See* Doc. 1 at 6. Essentially, Gibson seeks enforcement of a September 15, 2003 remand order requiring location of Gibson's administrative record. *See* Doc. 17 at 2; *see also Gibson*, No. 4:03-cv-90, Doc. 3. Gibson also requests attorney fees and costs under the Equal Access to Justice Act ("EAJA"). *See id.*

### A. Standards of Review

#### 1. Subject Matter Jurisdiction

There are two types of attacks on subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" require that the court take the allegations of a plaintiff's complaint as true and determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *See id.* at 1529. "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

"Mandamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004). "In resolving whether [mandamus] jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing

jurisdiction." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Thus, determining whether mandamus jurisdiction exists is akin to a facial attack on subject matter jurisdiction.

*2. Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys.*, 941 F.2d 1428, 1437 (11th Cir. 1991).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks removed).

The nonmoving party then "may not rest upon the mere allegations or denials of the [nonmoving] party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

Gibson has the burden of demonstrating that his right to the writ of mandamus is clear and indisputable. *See Serrano v. U.S. Attorney Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011).

**B. Gibson's Mandamus Action**

Even assuming that mandamus actions are cognizable against the Commissioner, Gibson has failed to demonstrate a clear and indisputable right to mandamus relief. *Cf.* 42 U.S.C. § 405(h) (limiting methods of reviewing Commissioner's decisions to those methods provided for in the Social Security Act); *Lifestar Ambulance Serv.*, 365 F.3d at 1295 n.3 (assuming, but not deciding, that § 405(h) does not bar mandamus actions). Gibson's mandamus complaint fails both because this Court lacks jurisdiction and because Gibson has not set forth sufficient facts demonstrating entitlement to relief.

Gibson does not allege facts sufficient to establish the existence of a clear nondiscretionary duty owed by the Commissioner. Gibson's complaint does not allege that the Court ordered the Commissioner to act within a specific time frame. The complaint merely avers that the Commissioner indicated a willingness to impose a timeline on his own agency. *See* Doc. 1 at 3. Other than the Commissioner's discretionary self-imposed guideline, Gibson identifies no event that vested a temporal

2

right in Gibson and thrust a temporal duty upon the Commissioner. Therefore, the Court does not have mandamus jurisdiction over this case.

Furthermore, this Court has already concluded that Gibson does not have a right to the relief he is seeking because the Commissioner has not violated the remand order. *See Gibson*, No. 4:03-cv-90, Doc. 22. Gibson has identified no other evidence establishing a clear, nondiscretionary duty owed by the Commissioner to Gibson. Accordingly, Gibson has not presented evidence demonstrating his right to mandamus relief.

Because this Court lacks jurisdiction and because Gibson has not set forth sufficient facts demonstrating entitlement to relief, the Court **GRANTS** the Commissioner's "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment."

Because Gibson is not a "prevailing party," he is not entitled to fees and other expenses. *See* 28 U.S.C. § 2412.

## IV. CONCLUSION

The Commissioner's "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment," *see* Doc. 12, is **GRANTED**.

This 28th day of March 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA